UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6270-CR-GRAHAM

UNITED STATES OF AMERICA

v.

ROBY DUDLEY

_____/

FILED by _____ D.C.
OCT 26 2001
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## GOVERNMENT'S RESPONSE
## TO DUDLEY'S COUNSEL'S MOTION TO WITHDRAW

The United States of America, by and through its undersigned Assistant United States Attorney, respectfully files this response to Dudley's counsel's motion to withdraw due to the Federal Public Defender's representation of Oppenheimer, a potential defense witness, in an unrelated matter. This response is abbreviated due to time constraints; the government will provide additional facts and argument as needed at the hearing recently scheduled for October 26, 2001. This response does not repeat what has been covered by the Federal Public Defender's memorandum. Instead, this response addresses the government's concerns, and sets forth additional legal principles for the Court's consideration.

**The government's paramount concern**

The government's paramount concern is consistent with the concerns of this Court and defendant Dudley. The government would like to ensure that Dudley is afforded all appropriate 6th Amendment and procedural safeguards. Thus, if he is convicted, that conviction will not be subject to a successful challenge on appeal or other post-conviction proceedings.



## Supplemental facts relating to Oppenheimer

The undersigned's understanding is that Oppenheimer was charged for sending someone to extort money from an employer by threats and violence. That employer was not Ed Hexter. Also, the undersigned notes that although Oppenheimer offered to cooperate with the government, he never testified. The undersigned has been unable to verify with certainty whether or not a 5K motion to reduce sentence was ever filed on his behalf for offering to testify against his codefendant in the extortion case. Oppenheimer was not an informant with respect to Best Marketing.

The government understands that the defense may wish to raise issues relating to Oppenheimer. However, the government differs from the defense as to his significance. Contrary to the defense's assertion, the government does not view the written sales pitches as the "core" of its case. They are simply part of the evidence.

Information about many coconspirators in the Best Marketing case, including Oppenheimer was made available in various ways. FBI "302"'s included references to him. Also, additional materials were included in the voluminous evidence at the FBI.

## The pertinent law concerning conflict of interest and effective assistance of counsel

The Sixth Amendment to the U.S. Constitution guarantees criminal defendants the right to effective assistance of counsel, and effective assistance of counsel includes a right to counsel unimpaired and unfettered by conflicting loyalties. Reynolds v. Chapman, 253 F.3d 1337, 1342 (11th Cir. 2001). The "court must protect the independent interest in ensuring the integrity of the judicial system is preserved and that trials are conducted within ethical standards." United States v. Ross, 33 F.3d 1507, 1523 (11th Cir. 1994). An attorney may be disqualified by the court from

representing a defendant due to either an actual or a potential conflict of interest. A conflict of interest is imputed to all attorneys in a firm, subjecting the entire firm to disqualification. Id.

In deciding whether the actual or potential conflict warrants disqualification, courts examine whether the subject matter of one representation is substantially related to that of the other representation. The goal is to determine whether the attorney has divided loyalties that prevent him from effectively representing the defendant. If the conflict could cause the attorney to improperly use privileged communications in cross-examination, then disqualification is appropriate. Disqualification is also appropriate if the conflict could deter the defense attorney from intense probing of a witness to protect privileged communications. Id.

Even where an actual conflict exists subjecting an attorney to disqualification, the client may waive this conflict of interest and elect to have the attorney continue representation, so long as that waiver is knowing, intelligent, and voluntary. Still, a court need not accept a waiver of the right. Id. at 1524.

In United States v. Gonzalez, 105 F. Supp.2d 200 (S.D.N.Y., 2000), the court dealt with a situation similar to the one presented here. In Gonzalez, an attorney was disqualified after the court made an inquiry into the conflict of interest created by the attorney's representation of a potential defense witness. Id. at 225. The court was concerned about how little could be predicted before a trial begins, and how much can go wrong once a trial starts. Id. at 223.

Specifically, the court found that the attorney would be limited in his ability to examine the witness. For example, the court noted that if the witness provided testimony adverse to the defendant, the attorney might want to impeach his own witness and would be impaired by his duty of loyalty and his obligation to not reveal confidential communications. Id. at 223-24. The

3

court further noted that the government's cross-examination of the witness might subject the witness to possible perjury charges, and an independent attorney might advise the witness not to testify, while the attorney in the case may want the testimony if it might help the client being tried. Id. at 224.

In this case, it appears that an inquiry is needed into the conflict of interest. Also, independent counsel may be needed to advise both clients as to the conflict and the possibility of waiving the conflict. Also, a "chinese wall" may be necessary to protect the current Assistant Public Defender from being made aware of confidential information about Oppenheimer.

Should the case proceed to trial as scheduled, and should Dudley be convicted, this issue may later be raised on appeal. The following would be the applicable law in that posture. Whether there was ineffective assistance of counsel due to defense counsel's alleged conflict of interest is a mixed question of law and fact, which a court of appeals reviews *de novo*. Caderno v. United States, 256 F.3d 1213, 1218 (11th Cir. 2001); Reynolds, 253 F.3d at 1342. The Supreme Court has established a two-part test to evaluate whether an attorney is ineffective due to a conflict of interest. Cuyler v. Sullivan, 446 U.S. 335, 348-49 (1980). A defendant must demonstrate: (a) that his defense attorney had an actual conflict of interest, and (b) that this conflict adversely affected the attorney's performance. Id; Reynolds, 253 F.3d at 1342.

To satisfy the "actual conflict" prong, a defendant must show more than a possible, speculative, or hypothetical conflict. Reynolds, 253 F.3d at 1342-43; Caderno, 256 F.3d at 1218. A defendant must make a factual showing of specific instances in the record when his lawyer was actively representing inconsistent interests. Reynolds, 253 F.3d at 1343; Caderno, 256 F.3d at 1218.

If the defendant can demonstrate that his attorney labored under an actual conflict of interest, he must then meet the "adverse effect on performance" prong. In the conflict of interest context, the attorney's performance includes any defense counsel decision, made before, during or after trial, which can reasonably be expected to affect the ultimate defense. Caderno, 256 F.3d at 1218.

To prove the conflict adversely affected the representation, a defendant must demonstrate: (a) that the defense attorney could have pursued a plausible alternative strategy, (b) that this alternative strategy was reasonable, and (c) that the alternative strategy was not followed because it conflicted with the attorney's external loyalties. Reynolds, 253 F.3d at 1343.

Once a defendant shows both specific instances in the record that demonstrate that an actual conflict of interest, and that this conflict adversely affected his lawyer's performance, a defendant need not show that the outcome of the proceeding would have been different. If both prongs are met, prejudice is presumed and the defendant is entitled to relief. Reynolds, 253 F.3d at 1347 (finding that there was ineffective assistance of counsel when the same public defender represented codefendants in new trial motions, where the codefendants had used inconsistent defenses at trial).

## Conclusion

Based on the above, the United States respectfully agrees with the court's approach of having an inquiry so that the court may exercise its judgment as to the disqualification issue, even if Dudley waives the conflict.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____
ANA MARIA MARTINEZ
ASSISTANT UNITED STATES ATTORNEY
FLORIDA BAR NO. 0735167
99 N.E. 4th Street
Miami, Florida 33132
Tel: (305) 961-9431
Fax: (305) 530-6168

### CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2001, a true and correct copy of the foregoing was served by hand on Pat Hunt, AFPD.

_____
ANA MARIA MARTINEZ
ASSISTANT UNITED STATES ATTORNEY