UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 00-06270-CR-GRAHAM

UNITED STATES OF AMERICA

        Plaintiff,

vs.

HANNIBAL PENNY and
ROBY DUDLEY,

        Defendant.
_____/



## ORDER CONTINUING TRIAL DATE

**THIS CAUSE** came before the Court at the status conference held on October 31, 2001. At the conference, the parties agreed to a continuance and the court extend the trial date in this action.

**THE COURT** has previously ruled from the bench upon this matter. This order memorializes the ruling as set forth below. It is Therefore,

**ORDERED AND ADJUDGED** that trial in this cause is set for the two week period commencing <u>April 8, 2002</u>, in the James Lawrence King Federal Justice Building, Eleventh Floor, Courtroom 1, 99 N. E. 4th Street, Miami, Florida. Calendar call will be held at 3:00 p.m. on <u>Wednesday, April 3, 2002</u>. All counsel **must** be present at the calendar call.

It shall be the duty of the attorneys herein to ensure that no other judge schedules them for a trial that impacts upon or conflicts with the dates set forth above.



If any counsel receives a written notice of trial from another judge, in either state or federal court, that in any way conflicts with this trial's scheduled setting, it is the obligation of that attorney to notify the judge immediately so that the judge may reschedule his or her calendar thus leaving counsel conflict free for this case. The trial setting in this case is firm. It is further

**ORDERED AND ADJUDGED** as follows:

1. All counsel shall be present at <u>status conferences</u> to be held at 3:00 p.m. on <u>February 20, 2002</u> and <u>March 20, 2002.</u>

2. All responses to the Standing Discovery Order and/or Local Rule 88.10 shall be provided timely. Non-compliance may result in sanctions. Supplemental discovery responses provided "out-of-time" will include a statement in the first paragraph of the response explaining why criminal discovery was not complied with in a timely fashion. Fed. R. Evid. 404(b) notices <u>shall</u> include a specific factual basis for the evidence sought to be introduced.

3. All local requests for Writs Ad Testificandum <u>must</u> be filed not later than fourteen days prior to the first day of the scheduled trial period to ensure adequate time for processing. Writs for persons out of the district should be filed twenty days prior to the trial date.

4. If the case is a jury trial, counsel shall prepare and submit to the Court any proposed Voir Dire questions necessary to elicit information concerning prospective jurors other than identity and general background information at the Calendar Call.

In addition, counsel shall submit to the Court proposed jury instructions in typed form including substantive charges and defenses at the Calendar Call. Eleventh Circuit Pattern Instructions, 1997 Edition, may be referred to by listing the instruction number and page number.

5. Counsel shall submit to the Court a typed list of proposed witnesses and/or exhibits to be presented at trial at the Calendar Call. All exhibits offered into evidence must be pre-labeled in accordance with the proposed exhibit list. Exhibit labels shall include the case number. Labels may be obtained from the Clerk.

6. Counsel shall also submit to the Court in writing Motions in Limine regarding trial issues at the Calendar Call.

7. Counsel are instructed that arrangements for appropriate clothing for Defendants in custody must be made at least seven (7) days prior to the scheduled trial date.

8. Counsel are further instructed to notify the Court if an interpreter is required at least 48 hours prior to any hearings or trial.

9. Any attorney seeking exoneration of a cash bond shall obtain a copy of this Court's Motion for Disbursement of Bond from the Courtroom Deputy.

10. If either party seeks to introduce transcript(s) at trial, the moving party shall present a copy of the transcript to all counsel not less than ten (10) days prior to the scheduled trial date.

If a transcript cannot be agreed upon, each party shall produce their own version of the transcript for presentation to the trier of fact. Government counsel shall notify the case agent/client agency of this requirement.

11. Counsel are encouraged to reduce all stipulations to writing prior to trial.

12. The parties must comply with Local Rule 88.10 (P) which requires the filing of a written statement describing all discovery material exchanged.

13. The Court finds that the period of delay from October 31, 2001 to April 19, 2002, and any other trial date set hereafter excludable in calculating the period within which trial must commence in accordance with the provisions of the Speedy Trial Act, 18 U.S.C. Section 3161, et. seq.

**DONE AND ORDERED** in chambers, at Miami, Florida, this 8-th day of February, 2002. (Nunc pro tunc October 31, 2001)

_____
DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

Copied: Ana Martinez, AUSA
         William Norris, Esq.
         Albert Z. Levin, Esq.